HEANEY, Circuit Judge,
dissenting:
I agree with the district court that, as a matter of due process, inmates in Iowa state prisons are entitled to notice and at least an informal hearing before twenty percent of contributions to the inmate by family or friends may be taken to satisfy an inmate’s restitution obligation. The district court’s position is consistent with that of the Iowa Supreme Court in Walters v. Grossheim, 525 N.W.2d 830 (Iowa 1994), in which the court highlighted that the Iowa Code requires a restitution plan of payment “to reflect individualized factors bearing on the inmate’s ability to pay” based on the inmate’s “income, physical and mental health, education, employment and family circumstances.” Id. at 832 (citing Iowa Code § 910.5(1)). The Code does not authorize the “blanket post-restitution-plan deduction from non-wage assets” at issue in this case. Id.
The majority states that the Iowa inmates received adequate procedural protections before deductions were made, in part because they were given a sentencing hearing at which the court set the amount of restitution owed. As the majority points out, the inmates are not challenging the court’s initial restitution determination; nor would such a challenge be relevant because at sentencing, the court does not purport to determine the amount that an inmate can pay each month while in prison in light of all the factors cited in Grossheim. These decisions are left to other officials to make after an informal hearing.
The majority also asserts that the inmates received additional procedural protection through the opportunity to have their restitution plans reviewed by the Iowa District Court under section 910.7 of the Iowa Code. Although the inmates may contest amounts withheld in a post-deprivation hearing, such a *957 hearing may deprive them of resources at a time when these resources are necessary to meet needs recognized by the State of Iowa.
The majority is correct in noting that we should give deference to state decisions concerning prison administration. Yet, in the context of deductions from an inmate’s outside resources, the State has determined that a pre-deprivation hearing is required. Thus, the majority rejects, rather than defers to, state policy as determined by both the Iowa Supreme Court and the Iowa Legislature.
Finally, while it is true that we are obligated to follow our own precedent, the case the majority relies on, Beeks v. Hundley, 34 F.3d 658 (8th Cir.1994), did not involve the issue presented in this ease. In Beeks, we specifically stated:
Beeks and McKenzie also argue that state law and their due process rights were violated by the manner in which victim restitution was deducted from their prison accounts. These issues were not considered by the district court.... [N]or were these additional issues fairly raised by the informal pro se request for relief.
Id. at 662.
We should follow the district court and the Iowa Supreme Court and hold that the inmate’s due process rights were violated by Iowa prison authorities and grant the relief given by the district court. To do otherwise is to deny inmates the due process to which they are entitled under the federal Constitution. Accordingly, I would affirm the decision of the district court.